EDGAR COUNTY, plaintiff in error, *v.* JONATHAN MAYO, defendant in error.

## *Error to Edgar.*

A county is not liable to the clerk of the Circuit Court for his fees accruing on a *scire facias* upon a recognizance, the State only being entitled to the benefit of the sum recovered.

A suit on a recognizance is a civil proceeding, in the nature of an action on a penalty, against the accused and his bail, and if the penalty is recovered, it cannot be regarded as a fine imposed by law, as contemplated by the provisions of the one hundred and seventy first section of the Criminal Code.

THIS was an agreed case, originally filed in the Edgar Circuit Court. In that Court, the present defendant in error, its clerk, preferred a claim against the county of Edgar, amounting to $7·93, for fees accruing to him upon two forfeited recognizances on which the process of *scire facias* had been issued by him. The agreed statement was filed December 3, 1845, and the case was heard before the Hon. Samuel H. Treat, at the May term 1846, when a judgment was rendered for the plaintiff below for the sum above mentioned, with the costs therein expended.

The statement will more firmly appear in the Opinion of the Court.

*J. Pearson,* for the plaintiffs in error, cited Rev. Stat. 128, § 14; *Kitchell* v. *Madison Co.* 4 Scam. 163; *Rowley* v. *The Board of Com'rs of Vigo Co.* 2 Blackf. 355; *United States* v. *Barker,* 4 Peters' Cond. R. 181; *Duncan* v. *The State Bank,* 1 Scam. 262; *United States* v. *Hooe,* 1 Peters' Cond. R. 458; Rev. Stat. 182, § 171.

*A Lincoln,* for the defendant in error.

By the common law, the defendant in error is entitled to remuneration for his services. The county called upon him to perform those services, and he has performed them. There is no law of this State, which contravenes the common law.

Cases have been cited by counsel to show that the United States never pay costs. This is not strictly true. No *judgment* can be rendered against the Government, and to this point only do the decisions go.

Edgar Co. *v.* Mayo.

The Court is referred to the following cases as pertinent to the present case: *Bright* v. *The Supervisors of Chenango*, 18 Johns. 243; *Mallory* v. *The Supervisors of Cortland*, 2 Cowen, 533; *The People*, &c. v. *Rockwell*, 2 Scam. 3.

The Opinion of the Court was delivered by

KOERNER, J.* This was an agreed case between the parties and submitted to the decision of the Court at the May term of the Edgar Circuit Court, A. D. 1846. The Circuit Court rendered a judgment of $7·93 in favor of Mayo, and against the county, and by agreement, this case is brought up here by appeal for a final decision of this Court.

The agreed case is as follows: "It is hereby agreed between Elisha Houtt, George Redman and William D. Darnell, County Commissioners in and for the county of Edgar, on the behalf of the said county of Edgar, and Jonathan Mayo, clerk of the Edgar Circuit Court, that heretofore, to wit, on the               day of
the People of the State of Illinois, for the use of said county, sued out of the office of the clerk of the Circuit Court of said county a *scire facias* upon a forfeited recognizance against Andrew J. Hanks, and that such proceedings were had thereon that the said People recovered a judgment against the said Hanks; that an execution issued on the said judgment, but no part of the debt or costs was ever made; that the said Jonathan Mayo, clerk as aforesaid, rendered official services for and on behalf of the plaintiffs, amounting to the sum of five dollars and eighty seven cents according to the schedule of fees as regulated by law.

"It is further agreed between the parties, that in the case of the People of the State of Illinois *v.* Enos Rawley and others, the same proceedings were had, with this difference, that in the last case the plaintiffs failed to recover judgment and that the said clerk's fees, on behalf of the plaintiffs, amounted to the sum of two dollars and six cents. It is contended by the said commissioners, that the said county of Edgar is not liable for costs in any such cases; on the con-

---

*WILSON, C. J. and Justice LOCKWOOD did not sit in this case.

trary, it is insisted by the said Jonathan Mayo that he is entitled to have and receive of the said county all costs made by and on behalf of the plaintiffs.

"Upon this state of facts, the parties aforesaid submit this question to the Court, whether the said county is liable to pay the aforesaid costs, and agree that judgment shall be rendered accordingly."

The facts agreed upon present the question, whether the officers of the Court can claim costs from the county for services rendered to the plaintiff in a suit on a recognizance, where judgment is obtained and execution awarded against the defendant, but where nothing is made, or where the plaintiff has been the unsuccessful party.

In order to settle this question, it is only necessary to refer to the 105th section of the Criminal Code. Rev. Stat. page 101, which provides, "that all recognizances, having any relation to criminal matters, shall be taken to the People of this State." By virtue of this law, the People of the State of Illinois are the plaintiffs in a suit on such a recognizance, and if any recovery is had, it enures to the benefit of the State treasury. Hence it follows that in a suit of this kind, the county can under no circumstances be made responsible for costs. It cannot be said that services have been rendered to the county in the prosecution of a suit, from the result of which it can derive no benefit. The rule, therefore, which the counsel for Mayo have insisted upon, that each party ought to pay the costs made by their request, as being one founded in natural justice and recognised in the common law, can find no application here. We conceive that section 171 of the Criminal Code, Rev. Stat. 1845, page 182, to which we have been referred, and which provides that "all *fines* imposed by virtue of any laws of this State for the punishment of crimes and misdemeanors shall, when collected, be paid into the treasury of the county, where the offence shall be tried, for the use of such county," does not embrace the present cases. A suit on a recognizance is a civil proceeding, in the nature of an action on a penalty, against the accused and his bail, and if the penalty

is recovered, it can certainly not be said, that money so recovered is a fine imposed by a law for the punishment of crimes or misdemeanors. It is true that the agreed case states, that this proceeding on the recognizance was carried on by the People of the State of Illinois *"for the use of said county of Edgar,"* But this allegation, being itself founded on a misapprehension of the law, which it must be admitted has been a very general one all over the State, cannot change the real position of the parties, and fix liabilities on one which has no interest in the suit, and cannot control it. The circuit attorney, as the people's representative, prosecutes forfeited recognizances according to his own discretion or sense of duty, and acknowledges no controlling power on the part of the county officers; he cannot, therefore, by his acts, bind persons or corporations who are not his principals, but strangers to the proceeding.

We are of opinion that the Court below ought to have given judgment in favor of the county of Edgar. Judgment is therefore reversed with costs.

*Judgment reversed.*